c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DELTA FUEL CO. INC., Plaintiff | CIVIL ACTION NO. 1:18-CV-00850 |
| VERSUS | JUDGE DRELL |
| SCOTT TAYLOR, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a "Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim, and Alternatively, a Motion to Transfer under 28 U.S.C. § 1404(a)" (Doc. 6), filed by Defendant Scott Taylor ("Taylor") ("Taylor's Motion"). Plaintiff Delta Fuel Co., Inc. ("Delta Fuel") opposes Taylor's Motion to Dismiss, and consents to Taylor's Motion to Transfer. (Doc. 13). Taylor replied. (Doc. 15).

Taylor's Motion (Doc. 6) should be granted in part, denied in part, and deferred in part. Because it is more convenient to the parties and witnesses, and in the interest of justice, Taylor's Motion to Transfer (Doc. 6) should be granted. Taylor's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 6) should be denied as moot given the recommendation to transfer. This court defers to the Western District of Texas for a ruling on Taylor's 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. 6).

I. <u>Background</u>

On June 20, 2018, Delta Fuel filed a Verified Petition for Temporary Restraining Order ("TRO") and Injunctive Relief (with exhibits) against Taylor in the Seventh Judicial District Court, Concordia Parish, State of Louisiana. (Doc. 1-2). Taylor is the sole named defendant. (Doc. 1-2). Delta Fuel alleges it is incorporated under Louisiana law and maintains its principal place of business in Ferriday, Louisiana. (Doc. 1-2). Delta Fuel further alleges Taylor resides in Coahoma, Texas. (Doc. 1-2).

Delta Fuel alleges Taylor was an employee until his resignation on January 12, 2018. (Doc. 1-2). Delta Fuel alleges Taylor was the Branch Manager for the Midland, Texas office. (Doc. 1-2). Delta Fuel alleges Taylor made regular trips to Ferriday, Louisiana for trainings and meetings with other executives and managers of Delta Fuel. (Doc. 1-2). Delta Fuel alleges Taylor was a highly trusted member of Delta Fuel's leadership team, and received confidential information regarding its customers, operations, and business practices. (Doc. 1-2). Delta Fuel further alleges Taylor interacted with Delta Fuel's drivers and sales force, and was responsible for the sale of Delta Fuel's products and services to its customers. (Doc. 1-2).

Delta Fuel asserts that on March 20, 2017, Taylor entered into a Confidentiality and Restrictive Covenant Agreement with Delta Fuel (the "Agreement"), which set forth expectations of Taylor as an employee and former employee. (Doc. 1-2). Delta Fuel also asserts Taylor entered an At-Will Employment Agreement on June 13, 2016, that also contained restrictive covenants prohibiting

Taylor from competing with Delta Fuel or interfering with its relationships with its customers, suppliers, or employees. (Doc. 1-2).

Delta Fuel alleges the Agreement prohibited Taylor from disclosing confidential information, and included two-year non-competition, non-solicitation, and non-recruitment agreements. (Doc. 1-2).

Delta Fuel alleges Taylor abruptly resigned on January 12, 2018, and became employed at Xcalibur Logistics, LLC ("Xcalibur"). (Doc. 1-2). Delta Fuel alleges Taylor conducted activities in direct contradiction to his obligations under the Agreement. (Doc. 1-2). Delta alleges Taylor was engaging in activities for Xcalibur's sister company, Fuelco Energy LLC ("Fuelco"), a competitor of Delta Fuel. (Doc. 1-2). Delta further alleges they began to see employees resign and take employment with Xcalibur and Fuelco. (Doc. 1-2). Delta Fuel asserts it sent a cease and desist letter on May 16, 2018, but Taylor refused. (Doc. 1-2). Delta Fuel claims it is entitled to injunctive relief under the Agreement. (Doc. 1-2). Delta Fuel seeks a TRO against Taylor, preliminary and permanent injunctive relief, damages, attorneys' fees, expert fees, and costs. (Doc. 1-2).

Taylor removed based upon diversity jurisdiction.[1] (Doc. 1). Taylor now seeks dismissal based on Fed. R. Civ. Proc. 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and failure to state a claim upon which relief may be granted,

---

[1] Taylor asserts he is a Texas citizen now and was at the time of filing of Delta Fuel's Petition. (Doc. 1). Taylor asserts Delta Fuel is a Louisiana corporation with its principal place of business in Louisiana. (Doc. 1). Taylor further asserts the amount in controversy exceeds the jurisdictional threshold of $75,000. (Doc. 1). Taylor alleges the injunctive relief sought by Delta Fuel seeks to prevent him from working in his home state of Texas as well as other states in a position for which he earns well in excess of $75,000. (Doc. 1). Thus, it appears that on the face of the Complaint, diversity jurisdiction exists under 28 U.S.C. § 1332.

respectively. (Doc. 6). Alternatively, and "only in the event that the Court does not dismiss Taylor," then Taylor seeks transfer to the Western District of Texas under 28 U.S.C. § 1404(a). (Doc. 6). Taylor filed a declaration in support of his motions. (Doc. 6-2).

Delta Fuel responded, consenting to his Motion to Transfer and asserting that Taylor's Motion to Dismiss should be denied. (Doc. 13).

## II. Law and Analysis

### A. Transfer is appropriate under either 28 U.S.C. § 1404(a) or § 1406(a), even if personal jurisdiction is lacking.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Thus, a district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought, regardless of whether venue exists in the original forum. See 28 U.S.C. §§ 1404(a) and § 1406(a). The Fifth Circuit permits district courts to transfer a case under 1404(a) or 1406(a) without deciding whether venue is proper. Herman v. Cataphora, 730 F.3d 460, 466 (5th Cir. 2013) (citing Bentz v. Recile, 778 F.2d 1026, 1028 (5th Cir. 1985)); see also Ellis v. Great Sw. Corp., 646 F.2d 1099, 1103-07 (5th Cir. 1981)).

Additionally, transfer is appropriate under either Section 1404(a) or Section 1406(a) even if personal jurisdiction is lacking. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); Aguacate Consol. Mines, Inc., of Costa Rica v. Deeprock, Inc., 566 F.2d 523 (5th Cir. 1978); Koehring Co. v. Hyde Construction Co., 324 F.2d 295 (5th Cir. 1964); Fogarty v. USA Truck, Inc., 242 Fed. Appx. 152, 154 (5th Cir. 2007) (citing Goldlawr, 369 U.S. at 466-67). Therefore, the Court examines whether or not it should transfer the case to the Western District of Texas, regardless of whether venue is proper in the Western District of Louisiana.

Taylor seeks transfer under 28 U.S.C. § 1404(a). (Doc. 6). The United States Court of Appeals for the Fifth Circuit has held that a motion to transfer an action under § 1404(a) is "committed to the sound discretion" of the transferring court. See Jarvis Christian College v. Exxon Corp., 845 F.2d 523, 528 (5th Cir. 1988). When resolving a motion to transfer, courts in the Fifth Circuit consider the following private interest factors:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditions and inexpensive.

In re Volkswagen of Am. Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citing In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (citing Piper Aircraft v. Reyno, 454 U.S. 235, 241 n. 6 (1981)). Courts in the Fifth Circuit also consider the following public interest factors:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) familiarity of the forum with the law that will govern the case; and (4)

the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

Id. (citing In re Volkswagen AG, 371 U.S. at 203).

### B. Taylor's Motion to Transfer (Doc. 6) should be granted.

Taylor asserts that, if personal jurisdiction could be established, venue is proper in the Western District of Texas, where all relevant facts and witnesses involved in the alleged misconduct are located. (Doc. 6). Taylor asserts the Western District of Texas is a more convenient forum for the parties and more suitable for resolution of the dispute. (Doc. 6).

Taylor seeks transfer only in the event the Court determines there is personal jurisdiction. (Doc. 6). Delta Fuel alleges that while Taylor has sufficient contacts with Louisiana, such that personal jurisdiction exists in this Court,[2] it consents to transfer to the Western District of Texas. (Doc. 13). Delta Fuel asserts that even if the court found it lacked personal jurisdiction, transfer under 28 U.S.C. § 1631 is the appropriate remedy rather than dismissal. (Doc. 13). Delta Fuel asserts the Western District of Texas has personal jurisdiction over Taylor, and it is a proper venue for adjudication under 28 U.S.C. § 1391. (Doc. 13). Delta Fuel asserts Taylor's request to transfer should be granted given its consent to transfer. (Doc. 13).

---

[2] Delta Fuel asserts that while Taylor's contacts with the forum are not so great as to justify the exercise of general jurisdiction, they are more than sufficient to exercise specific jurisdiction. (Doc. 13). Delta Fuel asserts Taylor's employment required him to come to Louisiana for numerous sessions and events, and that he previously consented to personal jurisdiction in this Court in his "At-Will Employment Agreement." While conceding a contract alone does not confer personal jurisdiction, Delta asserts Taylor could have reasonably expected to be haled into a Louisiana court over a dispute relating to his employment with a Louisiana enterprise. (Doc. 13). Taylor disputes personal jurisdiction in this Court. (Doc. 6, 15). Here, as discussed herein, the Court need not determine personal jurisdiction where transfer is appropriate and the parties consent.

The preliminary question under § 1404(a) is whether a civil action "might have been brought" in the destination venue. In re Volkswagen of Am. Inc., 545 F.3d at 312. All parties agree that this action could have been filed in the Western District of Texas. (Docs. 6, 13); see 28 U.S.C. § 1391. The parties agree Taylor resides within the geographic boundaries of the Western District of Texas. (Docs. 6, 13). Both parties agree the case should be transferred for the convenience of parties and in the interests of justice. (Doc. 6, 13).

In determining whether transfer is appropriate under § 1404(a), the Court considers "private interest" and "public interest" factors. In re Volkswagen of Am. Inc., 545 F.3d at 315. Here, the Court finds that the private and public factors weigh in favor of transferring this matter to the United States District Court for the Western District of Texas.

For example, Taylor asserts that a substantial number of sources of proof will be located in Texas. (Doc. 6). He alleges the events giving rise to the dispute allegedly took place in Texas. (Doc. 6). Taylor asserts none of the alleged recruitment of three other Texas residents are alleged to have occurred in Louisiana. (Doc. 6). Taylor asserts the majority of the evidence and documentation will be in Texas, as well as the majority of potential witnesses. (Doc. 6). None of these witnesses will be subject to compulsory process in Louisiana. (Doc. 6). Taylor was an at-will employee recruited to work for Delta Fuel while he worked for another employer in Texas, to work at Delta's Midland, Texas facility. (Doc. 15). Taylor executed the Agreement

while in Texas, his performance was based in Texas, and his employment was subject to Texas employment laws. (Doc. 15).

Further, Taylor asserts both Texas and Louisiana have made clear that their states have a strong public policy interest in ensuring that their citizens are not subjected to employment agreements containing non-compete provisions regulated by another state's law. (Docs. 6, 15). Taylor argues Texas law, not Louisiana law, concerning non-compete agreements over Texas citizens should apply in this case. (Doc. 6). Taylor asserts that allowing a Texas court to resolve the alleged breach of a non-compete agreement allows local interests to be resolved locally. (Doc. 6).

Delta Fuel consents to the transfer, and asserts the Western District of Texas is the proper venue for adjudication of this action. (Doc. 13). Delta Fuel does not refute the private and public interest factors asserted by Taylor in support of transfer of this action. (Doc. 13). Rather, Delta Fuel asserts transfer is in the interest of justice and judicial economy, and concedes the matter could have been brought in the Western District of Texas. (Doc. 13). Delta Fuel also asserts Taylor resides within the geographical boundaries of that district. (Doc. 13).

It is clear that a transfer to the Western District of Texas would be more convenient for the parties and witnesses under § 1404(a). Additionally, even if venue is not proper in this judicial district, the Court has authority to transfer this action under § 1406(a) in its exercise of discretion and in the interest of justice to the venue where the action may have been brought. Thus, the Court finds transfer to the Western District of Texas is appropriate.

III. Conclusion

Accordingly,

**IT IS RECOMMENDED** that Taylor's "Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim, and Alternatively, a Motion to Transfer under 28 U.S.C. § 1404(a)" (Doc. 6) be GRANTED IN PART, DENIED IN PART AS MOOT, and DEFERRED IN PART.

**IT IS FURTHER RECOMMENDED** that Taylor's Motion to Transfer (Doc. 6) under 28 U.S.C. § 1404(a) be GRANTED.

**IT IS FURTHER RECOMMENDED** that this matter be TRANSFERRED to the U.S. District Court for the Western District of Texas, pursuant to 28 U.S.C. § 1404(a).

**IT IS FURTHER RECOMMENDED** that Taylor's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 6) be DENIED AS MOOT, since the grant of Taylor's Motion to Transfer pretermits any need for the Court to consider this motion.

**IT IS FURTHER RECOMMENDED** that Taylor's 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. 6) be DEFERRED to the U.S. District Court for the Western District of Texas.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such

as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __28th__ day of September, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge